Appellant David Thomas appeals the trial court's determination that he is a sexually oriented offender. Thomas assigns the following error for our review:
 THE TRIAL COURT ACTED WITHOUT STATUTORY AUTHORITY IN DETERMINING THAT APPELLANT WAS A SEXUALLY ORIENTED OFFENDER, BUT NOT A SEXUAL PREDATOR.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On August 30, 1995, Thomas was indicted for four counts of rape and one count of kidnapping. On November 9, 1995, pursuant to a plea agreement, Thomas pleaded guilty to two counts of sexual battery and one count of burglary. The remaining counts werenolled. On December 8, 1995, Thomas was sentenced to three concurrent terms of two years in prison. On April 14, 1998, the trial court held a sexual predator determination hearing pursuant to R.C. 2950.09(D). At the hearing the prosecutor stated that, on August 16, 1995, Thomas anally raped a woman twice in an abandoned building. Defense counsel questioned the constitutionality of the sexual predator law. The trial court made the following finding:
 The Court having reviewed the prosecutor's file as well as the Court file and considering the factors under which, by which the Court should make that determination of sexual predator, the Court finds the evidence is not clear and convincing with respect to Mr. Thomas being classified as a sexual predator. The Court therefore finds that he is to be classified as a sexually oriented offender and as such he is required to register with the county in which he intends to live when he's released annually for the next ten years.
(Tr. 4-5.) Thereafter, Thomas filed this appeal.
In his assignment of error, Thomas argues that the trial court erred in determining him to be a sexually oriented offender.
R.C. 2950.09 provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * *
 The court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. * * * The hearing shall be conducted in the manner described in division (B) (1) of this section regarding hearings conducted under that division and, in making a determination under that division and, in making a determination under this division as to whether the offender is a sexual predator, the court shall consider all relevant factors, including but not limited to, all of the factors specified in division (B) (2) of this section, after reviewing all testimony and evidence presented at the hearing and the factors specified in division (B) (2) of this section, the court shall determine by clear and convincing evidence whether the offender is a sexual predator.
Thomas was convicted of sexual battery under R.C. 2907.03. R.C.2950.01(D) (1) provides that sexual battery is a "sexually oriented offense." However, Thomas argues there is no provision for a finding of "sexually oriented offender" or. "habitual sexual offender" under R.C. 2950.09(C) in cases where the offender was convicted and sentenced before the enactment of the statute. We disagree.
"A `sexually-oriented offender' is simply an individual who has been convicted of committing a sexually-oriented offense, which includes R.C. 2907.03, sexual battery." State v. Kelsor (Oct. 30, 1998), Hamilton App. No. C-970499, unreported; R.C. 2950.01(D) (1) In State v. Czajka (Feb. 18, 1999), Cuyahoga App. No. 72797, unreported, we held that "there is nothing in [R.C. 2950.03], or any other provision of R.C. 2950, that purports to limit the determination of a sexually oriented offender only to defendants convicted on or after the effective date of the legislation." See, also, State v. Anderson (Feb. 18, 1999), Cuyahoga App. No. 73817, unreported. In State v. Sturgeon (Nov. 13, 1998), Hamilton App. No. C-970751, unreported, the court noted that the "sexually oriented offender" classification arises by operation of law and held R.C. 2950.04's registration requirements apply to all sexually oriented offenders released after July 1, 1997, regardless of when the sexually-oriented offense was committed. See also State v. Brown (Oct. 19, 1998), Warren App. Nos. CA98-03-034, CA98-04-046, CA98-05-059, unreported. The Ohio Supreme Court explained the rationale for applying the registration requirements to all offenders as follows:
 The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by previously-convicted offenders, when the nature of those risks were identical and presently arose almost exclusively from previously-convicted offenders, their numbers now and for a fair number of years obviously vastly exceeding the number of those who, after passage of these laws, will be convicted and released and only then, for the first time, potentially subject to community notification.
State v. Cook (1998), 83 Ohio St.3d 404, 412-413, certiorari denied (1999), 119 S.Ct. 1122. (Citation omitted.)
Because we find the trial court did not err in applying the registration requirements of R.C. 2950.04 to Thomas, we overrule Thomas' assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., and JAMES D. SWEENEY, J., CONCUR.
 ________________________ PATRICIA ANN BLACKMON JUDGE